UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ALICIA JOHNSON,                    )
                                   )
            Plaintiff              )
                                   )
      v.                           )      Cause No. 1:19-CV-3823 RLM-DLP
                                   )
WAYPOINT RESOURCES GROUP,          )
                                   )
            Defendant              )

OPINION AND ORDER

Alicia Johnson sued Waypoint Resources Group, for violation of the Fair Debt Collection Practices Act. 15 U.S.C. § 1692 *et seq.* Ms. Johnson alleges violations of the FDCPA's prohibition against false or misleading representations, 15 U.S.C. § 1692e, and the FDCRA's catch-all prohibition against unfair practices, 15 U.S.C. § 1692f. Ms. Johnson moves for summary judgment on both of her claims. [Doc. No. 51]. Waypoint cross-moves for summary judgment on both claims and moves for summary judgment on the issue of actual damages as well. [Doc. No. 53]. For the reasons stated below, the court denies Ms. Johnson's motion for summary judgment and grants in part and denies in part Waypoint's cross-motion for summary judgment.

I. BACKGROUND

Alicia Johnson sought a home loan in 2018. She obtained a credit report and found a debt owed to Charter Communications she didn't recognize. She

thought it might belong to her ex-husband. They'd separated in 2014, but Ms. Johnson thought he might have signed up for cable in her name and stopped paying the bill when they separated. The debt appeared under her former name, Alicia Price, and didn't include a last date of payment.

Ms. Johnson had her attorney dispute the debt with Waypoint Resources Group, the entity that had reported her debt. Her attorney sent a fax to Waypoint saying that Ms. Johnson disputed the debt and Waypoint should communicate with Ms. Johnson through her attorney. The letter included her full name ("Alicia K. Johnson") and her current husband's name, her address in Indianapolis, and the last four digits of her Social Security number.

Waypoint couldn't find her account. Waypoint had the disputed debt but the information in its records didn't match the information in Ms. Johnson's letter. Waypoint's records had the debt under the name "Alicia Price" who resided at an address in Fortville, Indiana, not Indianapolis. A Waypoint employee searched their records by the last four digits of Ms. Johnson's Social Security number, which produced more than two hundred results. Waypoint's recordkeeping software didn't give the option of searching by multiple data points, so Waypoint couldn't search by Social Security number and first name or Social Security number and state of residence. Waypoint's procedures called for any dispute letter that couldn't be matched to a debt to be marked with a question mark and put in a folder labeled "UNABLE TO LOCATE," for future investigation. If a consumer contacted Waypoint again about a disputed debt, employees were to check the folder to see if one of the unidentified disputed debts

belonged to the consumer. The Waypoint employee who handled Ms. Johnson's letter didn't mark it with a question mark and might or might not have put it in the "UNABLE TO LOCATE" folder.

Ms. Johnson got a new copy of her credit report later in 2019. The new credit report showed that the Waypoint reported the Charter debt after her attorney had sent a fax to Waypoint disputing the debt. Ms. Johnson reported feeling stress and anxiety because the debt brought back memories of her ex-husband, and she even reported losing sleep. She then filed this lawsuit.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In deciding whether a genuine issue of material fact exists, a court accepts the non-movant's evidence as true and draw all inferences in his favor. Id. at 255. Nevertheless, the nonmoving party is not entitled to "[i]nferences that are supported by only speculation or conjecture." Argyropoulos v. City of Alton, 539 F.3d 724, 732 (7th Cir. 2008). The existence of an alleged factual dispute, by itself, won't defeat a summary judgment motion; "instead, the nonmovant must present definite, competent evidence in rebuttal," Parent v. Home Depot U.S.A., Inc., 694 F.3d 919, 922 (7th Cir. 2012), and "must affirmatively demonstrate, by

specific factual allegations, that there is a genuine issue of material fact that requires trial." Hemsworth v. Quotesmith.com, Inc., 476 F.3d 487, 490 (7th Cir. 2007); see also Fed. R. Civ. P. 56(e)(2). On cross-motions for summary judgment, the court construes all inferences in favor of the party against whom the motion under consideration is made. O'Regan v. Arb. Forums, Inc., 246 F.3d 975, 983 (7th Cir. 2001) (quoting Hendricks-Robinson v. Excel Corp., 154 F.3d 685, 692 (7th Cir. 1998)).

## III. ANALYSIS

Ms. Johnson brings claims against Waypoint under two provisions of the Fair Debt Collection Protection Act. 15 U.S.C. § 1692 *et seq.* Her first claim is for false or misleading representations. Id. § 1692e. She specifically alleges that Waypoint violated the prohibition against "[c]ommunicating . . . to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." Id. § 1692e(8). Her second claim is for unfair or unconscionable debt collection practices. Id. § 1692f. Ms. Johnson moves for summary judgment on both claims. Waypoint opposes Ms. Johnson's motions and cross-moves for summary judgment on both claims. Waypoint also contends that if there's genuine issue as to any FDCPA violation, it's entitled to the bona fide error defense. 15 U.S.C. § 1692k(c). Waypoint moves for summary judgment on Ms. Johnson's claim for actual damages as well.

A. False or Leading Misrepresentations, 15 U.S.C. § 1692e(8).

Both parties move for summary judgment on Ms. Johnson's claim of false or misleading representations. Ms. Johnson argues that Waypoint either knew or should have known that her debt was disputed, so it violated the FDCPA by reporting the debt without noting that the debt was disputed. Waypoint argues that Ms. Johnson's dispute letter was insufficient to show that Waypoint knew or should have known that the debt was disputed, so it didn't violate the FDCPA by omitting that the debt was disputed.

The FDCPA prohibits debt collectors from using false, deceptive, or misleading representations in connection with debt collection and specifically defines practices that violate the statute, without limiting the prohibition to those practices. 15 U.S.C. § 1692e. Ms. Johnson claims Waypoint violated the specific prohibition against "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." Id. § 1692e(8). This subsection establishes a "knows or should know" standard and depends solely on the debt collector's knowledge. Evans v. Portfolio Recovery Assocs., LLC, 889 F.3d 337, 347 (7th Cir. 2018). This standard doesn't require notification by the consumer since the focus is on the debt collector's knowledge, no matter how the debt collector gains that knowledge. Id. (citing Brady v. Credit Recovery Co., 160 F.3d 64, 67 (1st Cir. 1998) (debt collector knew of dispute by oral communication of dispute)). Nor does § 1692e(8) incorporate procedural requirements, writing requirements, or more specific definitions of "disputed

debts" applied in other sections of the FDCPA or the Fair Credit Reporting Act. Id. (rejecting arguments that requirements from 15 U.S.C. §§ 1681s-2, 1692g(b) should be read into § 1692e(8)).

There's no dispute that Ms. Johnson's debt dispute letter contained identifying information that didn't match Waypoint's records. The letter included the names "Ludwig W. Johnson, III & Alicia K. Johnson," a home address in Indianapolis, Indiana, and the last four digits of her Social Security number. Her attorney sent the letter, so the letter included the attorney's contact information as well. Waypoint's records, on the other hand, included the name "Alicia Price," the account number, the original creditor's name, the amount of debt, Ms. Johnson's full Social Security number, and an address in Fortville, Indiana. The names didn't match because Ms. Johnson had remarried and changed her name, and the addresses didn't match because she had moved. The parties dispute Ms. Johnson's motives and reasons for omitting other identifiers and more complete information.

Ms. Johnson argues that the information in her debt dispute letter was enough to establish that Waypoint should have known that her debt was disputed. She proposes that once Waypoint searched by Social Security number and found 200 or so potential matches, it could have manually searched for accounts associated with the first name "Alicia" or with Indiana addresses. Alternatively, Waypoint could have contacted her attorney. The first proposal really leads to the second because even if Waypoint had manually searched the results by Social Security number for "Alicia" or for an Indiana address, there

would be lingering doubts about whether any partial match was for the right account. Waypoint might be unwise to take action on an account with mismatched information without first contacting the attorney, so this first proposal folds into the second proposal to form one theory: Waypoint should have known the debt was disputed because Waypoint could have asked Ms. Johnson's attorney for clarification.

Waypoint argues the dispute letter wasn't enough to put Waypoint on notice of the disputed debt because the letter contained information that was incomplete or that didn't match its own records. Waypoint focuses much of this argument on what Ms. Johnson did or didn't do—she didn't provide enough information and maybe even purposefully withheld information such as the original creditor, her former name and address, or account number. The argument follows that had she disclosed more information, Waypoint would have had actual knowledge of the disputed debt and wouldn't have reported the debt as undisputed.

Although this argument has some intuitive force, whether Ms. Johnson could have done more is irrelevant to § 1692e(8). The statute asks whether Waypoint had or should have had actual knowledge of the dispute, not whether Ms. Johnson could have done more to make her dispute known. Evans v. Portfolio Recovery Assocs., LLC, 889 F.3d 337, 347–348 (7th Cir. 2018). Waypoint argues that liability in a case like this would impose a "standard of omniscience" against debt collectors, and that the statute couldn't be intended to impose such an exacting standard. Farren v. RJM Acquisitions Funding, LLC,

No. 04-995, 2005 U.S. Dist. LEXIS 15230, at *27 (E.D. Pa. July 26, 2005). Despite the initial reaction one might have to a standard of omniscience, the Farren opinion doesn't help Waypoint too much. The portions of the Farren opinion cited discuss § 1692e(2)(A), which prohibits "false representation of the character, amount, or legal status of any debt." Id. at 24–27. The plaintiff in Farren had no evidence that the debt collector had actual knowledge of an inaccuracy, which mattered greatly under § 1692e(2)(A) because that provision doesn't have a "should have known" standard. Section 1962e(8) does have a "should have known" standard, so even if it doesn't impose a standard of omniscience, it does allow probing into what the defendant could have or should have done.

Another of Waypoint's authorities carries the same initial appeal when it explains that holding a defendant liable would be perverse when the consumer is the "least cost avoider" and is "the principal author of the harm of which she complains." Wise v. Credit Control Servs., No. 16 C 8128, 2018 U.S Dist. LEXIS 179548, at *19 (N.D. Ill. Oct. 19, 2018) (quoting Ross v. RJM Acquisitions Funding LLC, 480 F.3d 493, 498 (7th Cir. 2007)). Despite what seems like sweeping language, the Wise court didn't say that a defendant is off the hook for any FDCPA violation when the plaintiff contributed to her own harm but was discussing the bona fide error defense, not a debt collector's knowledge for purposes of § 1692e(8). Id.

In sum, Waypoint's authority shows that the consumer's action or inaction might weigh against the consumer in other contexts, but none shifts the focus

away from the debt collector's knowledge for § 1692e(8) claims. A factfinder could conclude that Waypoint should have known about the dispute because of the debt dispute letter, albeit incomplete or inaccurate, combined with Waypoint's ability to contact Ms. Johnson's attorney for clarification. Waypoint isn't entitled to summary judgment on these grounds.

Ms. Johnson argues she's entitled to summary judgment because there's no genuine dispute that Waypoint should have known that her debt was a disputed debt. As already explained, the information in the debt dispute letter only partially matched Waypoint's account information. None of the authority Ms. Johnson cites shows that Waypoint was obligated to contact her attorney. She cites Evans v. Portfolio Recovery Associates, LLC, 889 F.3d 337 (7th Cir. 2018), to argue that the letter provided effective notice, but the question in Evans was whether a consumer's communication that "the amount reported is not accurate" amounted to a dispute, not whether the information was sufficient for the defendant to know which debt was disputed. Id. at 346–348. Waypoint doesn't dispute that the debt dispute letter purported to dispute a debt. Waypoint disputes that it had enough information that it should have known the specific debt was disputed, which Evans doesn't answer.

Ms. Johnson doesn't cite any authority other than Evans to answer whether Waypoint should have known, as a matter of law, that her debt was disputed. She rebuts Waypoint's arguments that she should have done more and she's right that evidence that Ms. Johnson could have done more is irrelevant to Waypoint's knowledge under § 1692e(8). She cites authority to show that

Waypoint's procedures weren't reasonable as well, but that authority addresses the bona fide error defense, discussed later, not Waypoint's knowledge for purposes of § 1692e(8). See Hyman v. Tate, 362 F.3d 965, 968 (7th Cir. 2004). Ms. Johnson hasn't shown that Waypoint should have known, as a matter of law, that her debt was disputed and a factfinder could reasonably conclude that Waypoint shouldn't have known, so her motion for summary judgment as to Count I is denied.

The essence of both parties' arguments is that the other party should have done more. Waypoint doesn't show that Ms. Johnson's actions excuse its behavior or that a factfinder would be unreasonable to conclude that it should have known of the debt. Likewise, Ms. Johnson doesn't show that Waypoint had a duty to contact her attorney or that a factfinder would be unreasonable to find that Waypoint should not have known about the debt. Neither party is entitled to summary judgment on these grounds.

### B. Unfair or Unconscionable Collection Actions, 15 U.S.C. § 1692f.

Ms. Johnson claims that Waypoint violated the FDCPA by using unfair or unconscionable collection actions in violation of 15 U.S.C. § 1692f. The operative complaint alleges that Waypoint violated § 1692f by reporting a disputed debt. Ms. Johnson moved to amend her complaint after the deadline for amendments had passed so that she could allege Waypoint violated § 1692f by reporting a time-barred debt, and the court denied her motion. [Doc. No. 35]. Ms. Johnson asserts that based on evidence revealed in discovery, she's now entitled to claim

that Waypoint violated § 1692f by reporting a time-barred debt, despite the earlier order denying leave to amend her complaint to add allegations involving the statute of limitations. Ms. Johnson moves for summary judgment on her § 1692f claim and Waypoint opposes the motion. Waypoint cross-moves for summary judgment on the claim, under either set of actions alleged by Ms. Johnson.

First, Waypoint argues that the § 1692f claim for reporting a disputed debt as undisputed is duplicative and redundant with the § 1692e(8) claim, so Waypoint's entitled to summary judgment. Section § 1692f is considered a "catch-all prohibition on unfairness" for unfair or unconscionable behavior that slips through the FDCPA's cracks. Todd v. Collecto, Inc., 731 F.3d 734, 739 (7th Cir. 2013). Because it's a catch-all provision, courts are "reluctant to allow a Section 1692f claim to proceed on the same facts which underlie an alleged violation of a more specific provision." Riel v. Immediate Credit Recovery, No. 17-CV-440-JPS, 2018 U.S. Dist. LEXIS 9642, at *3, n.3 (E.D. Wis. Jan. 22, 2018); see also Rush v. Portfolio Recovery Assocs. LLC, 977 F. Supp. 2d 414, 431–432 (D.N.J. 2013); Osborn v. Ekpsz, LLC, 821 F. Supp. 2d 859, 878 (S.D. Tex. 2011); Chalik v. Westport Recovery Corp., 677 F. Supp. 2d 1322, 1330 (S.D. Fla. 2009); Foti v. NCO Fin. Sys., 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006). A claim must either be based on a specifically enumerated provision of § 1692f or must be based on misconduct that goes beyond some other provision of the FDCPA. According to Waypoint, since Ms. Johnson's claim regarding reporting a disputed

debt as undisputed allegedly violates a separate provision, § 1692e(8), it's duplicative and redundant and can't proceed.

Ms. Johnson points out that although district courts in this circuit have interpreted § 1692f this way, the court of appeals hasn't. She cites several cases for the proposition that the Seventh Circuit allows § 1692f claims "based on the same form collection letter." [Doc. 60 at 29]. <u>McMahon v. LVNV Funding, LLC</u>, 744 F.3d 1010 (7th Cir. 2014) (affirming a motion to dismiss because a dunning letter relating to a time-bared debt might confuse a consumer); <u>Phillips v. Asset Acceptance, LLC</u>, 736 F.3d 1076 (7th Cir. 2013) (reversing denial of class certification); <u>Gburek v. Litton Loan Servicing LP</u>, 614 F.3d 380 (7th Cir. 2010) (reversing a dismissal because plaintiff sufficiently alleged communicated relating to debt); <u>McMillian v. Collection Pros., Inc.</u>, 455 F.3d 754 (7th Cir. 2006) (reversing dismissal and not addressing whether claims were duplicative); <u>Fields v. Wilber Law Firm, P.C.</u>, 383 F.3d 562 (7th Cir. 2004) (same). Ms. Johnson is correct to say the Seventh Circuit allowed claims based on the same form collection letters to survive dismissal and summary judgment, but it doesn't follow that the Seventh Circuit therefore rejects the rule advocated by Waypoint. In none of the cases Ms. Johnson cites was the Seventh Circuit presented with Waypoint's arguments about duplicative claims. The Seventh Circuit allowed claims to go forward without addressing that argument because the appeals raised other questions about the FDCPA.

Aside from showing that the Seventh Circuit hasn't adopted Waypoint's interpretation, Ms. Johnson doesn't offer any argument or analysis for why

Waypoint's approach is wrong, making the same mistake the defendants made in a case she cites. Holt v. LVNV Funding, LLC, 147 F. Supp. 3d 756, 762 (S.D. Ind. 2015) ("Unfortunately, Defendants fail to provide any substantive analysis on this argument [about duplicative claims]. . . . Defendants make no effort to provide the reasoning of these district courts, much less explain why this court should hold otherwise.").

The courts that have adopted Waypoint's arguments have the correct reading of § 1692f. As a "catch-all" provision, § 1692f serves to complement the FDCPA's other provisions, so a § 1692f claim must have more to it than a violation of some other FDCPA provision. Ms. Johnson doesn't suggest why that interpretation is flawed even if the Seventh Circuit hasn't yet adopted the rule. Accordingly, the court concludes that Ms. Johnson's § 1692f claim relating to the disputed status of the debt is improperly duplicative of her § 1692e(8) claim and Waypoint is entitled to summary judgment on those grounds.

Next, Waypoint offers several reasons why it's entitled to summary judgment on Ms. Johnson's § 1692f claim relating to the statute of limitations. Without addressing the parties' contentions about whether Ms. Johnson can constructively amend her complaint at this stage, the court can conclude that Waypoint is or would be entitled to summary judgment. Ms. Johnson argues that Waypoint reported the debt in an attempt to collect the debt after the statute of limitations had run. She claims that "by reporting a debt on Ms. Johnson's credit report, [Waypoint] communicated one message and one message only: she owed a debt, and it had the right to collect that debt." [Doc. 60 at 24].

13

The issue with this argument, as Waypoint points out, is that Waypoint had the legal right to collect the debt. Whether a debt may be collected past the statute of limitations is question of state law. Magee v. Portfolio Recovery Ass'ns, LLC, No. 12 C 1624, 2012 U.S. Dist. LEXIS 116666, at *7–9 (N.D. Ill. Aug. 15, 2012). In Indiana, the statute of limitations is procedural, so it doesn't extinguish a creditor's right to collect the debt, it only extinguishes the right to sue to collect the debt. Pantoja v. Portfolio Recovery Assocs., LLC, 852 F.3d 679, 684 (7th Cir. 2017); Martin v. Brown, 716 N.E.2d 1030, 1034 (Ind. Ct. App. 1999). Waypoint had the right to collect the debt after the statute of limitations had run—it just couldn't do so by a lawsuit.

Ms. Johnson downplays Waypoint's right of collection. She cites to Kimber v. Federal Financial Corp., 668 F. Supp. 1480, 1487 (M.D. Ala. 1987), to explain the importance of statutes of limitations and how they offer important protection to consumers. Kimber v. Federal Financial Corp. held that suing or threatening to sue a consumer to collect a time-barred debt violated § 1692f, not that trying to collect a time-barred debt out of court was a violation. Id. at 1488. She also contends that Waypoint's citation to Magee v. Portfolio Recovery Associations, LLC, 2012 U.S. Dist. LEXIS 116666, at *7–9, doesn't support Waypoint's claims because the plaintiff refiled suit and successfully alleged a violation involving a time-barred debt. Magee v. Portfolio Recovery Assocs., LLC, No. 12 cv 1624, 2016 U.S. Dist. LEXIS 61389, at *13–14 (N.D. Ill. May 9, 2016). The issue with that collection letter was that it might confuse an unsophisticated consumer, not that it was an attempt to collect a time-barred debt. Id. Perhaps Waypoint shouldn't

14

have reported a time-barred debt under some other provision of the FDCPA, but given Waypoint's right to collect, there's no genuine issue as to whether this was an unfair or unconscionable collection activity.

Waypoint has shown that it's entitled to summary judgment on both § 1692f theories because the claim related to the dispute is impermissibly duplicative and the claim related to the statute of limitations doesn't arise to unfair or unconscionable action in light of Waypoint's right to collect under Indiana law. Accordingly, the court grants Waypoint's motion as to Count II.

## C. Bona Fide Error Defense, 15 U.S.C. § 1592k(c).

Waypoint argues that even if it violated the FDCPA, it's entitled to summary judgment under the bona fide error defense. A defendant who successfully proves the bona fide error defense may not be liable for the underlying FDCPA violation. 15 U.S.C. § 1592k(c). So if Waypoint is entitled to summary judgment on the bona fide error defense, then Waypoint is entitled to summary judgment Count I as well as Count II.

The bona fide error defense shields a defendant debt collector from FDCPA liability if the debt collector shows that the violation wasn't intentional, resulted from a bona fide error, and resulted despite the maintenance of procedures reasonably adapted to avoid such an error. Id. The debt collector needs to show that the violation, not the actions that constituted a violation, was unintentional. Kort v. Diversified Collection Servs., 394 F.3d 530, 537 (7th Cir. 2005). An error is made in good faith if the mistake is genuine, not contrived. Id. at 538. And an

error must be a factual error, not a legal error, that is, a misinterpretation of the FDCPA's requirements. Evans v. Portfolio Recovery Assocs., LLC, 889 F.3d 337, 349 (7th Cir. 2018). The defendant's procedures must be mechanical or other orderly steps made to avoid the mistake, not thinly veiled policies that might seem to bar some actions but don't actually indicate what steps to take. Abdollahzadeh v. Mandarich L. Grp., LLP, 922 F.3d 810, 817 (7th Cir. 2019). The defendant's procedures needn't be state-of-the-art, but they must be addressed to the actual error that occurred, not to other sorts of errors. Ewing v. MED-1 Sols., LLC, 24 F.4th 1146, 1154–1156 (7th Cir. 2022).

Waypoint argues that it has procedures reasonably adapted to prevent reporting of a disputed debt. Waypoint explains that new employees receive three days of FDCPA compliance training during orientation and are taught in small cohorts with a closed-note test at the end of training. Debt collection employees are audited for six phone calls every month and must get a quality control score of 90 percent or greater to avoid disciplinary measures. Employees periodically receive training regardless of tenure.

Waypoint explains the procedures it uses to avoid reporting disputed debts as undisputed. The administrative training guide instructs employees who receive a dispute communication to search their system for full account number, Social Security number, full name, or address. The software used at the time of the alleged violation only allowed users to search by one of those four criteria. The training guide explains that if an employee searches and can't find an account, the employee is to mark the paper notification for filing and future

research. The paper filing is to be marked "UNABLE TO LOCATE" and stored in a separate email inbox. If a consumer calls to inquire about a debt, employees should check the folder.

These procedures, according to Waypoint, are reasonable enough and allow Waypoint to avoid liability. Waypoint explains that procedures are reasonable if they're designed to avoid reporting disputed debts generally, but that they needn't be designed to avoid the specific type of error. Webster v. Receivables Performance Mgmt., LLC, 473 F. Supp. 3d 861, 874 (S.D Ind. 2020), rev'd sub nom. Ewing v. MED-1 Sols., LLC, 24 F.4th 1146 (7th Cir. 2022). Waypoint's argument fails, however, under more recent precedent. The Seventh Circuit reversed the Webster decision and clarified that the bona fide error defense requires that the procedures be aimed at the specific error that occurred, not at the type of violation generally. Ewing v. MED-1 Sols., LLC, 24 F.4th at 1154–1156. A defendant can't claim the bona fide error defense when its procedures are aimed at other possible errors. Id.

Given this clarification, Waypoint hasn't shown it's entitled to the bona fide error defense. Waypoint's error was receiving a debt dispute letter with incomplete information and failing to identify which account it corresponded to before reporting the account as undisputed. Waypoint doesn't explain how its procedures avoid this specific error. Although Waypoint explains that these sorts of communications are marked in a separate folder for later investigation, Waypoint doesn't explain what sort of later investigation happens or how marking a communication for later investigation prevents reporting on the

disputed debt in the unspecified period before an investigation is commenced or completed. Because Waypoint hasn't shown that its procedures were reasonably adapted to this error, it's not entitled to the bona fide error defense at summary judgment, regardless of whether it can show that the error was unintentional and harmless. The court already determined that Waypoint isn't entitled to summary judgment for the alleged violation in Count I, and now concludes that Waypoint hasn't shown that it's entitled to the bona fide error defense. Accordingly, the court denies Waypoint's motion for summary judgment as to Count I.

### D. Actual Damages, 15 U.S.C. § 1692k(a).

Waypoint moves for summary judgment on the issue of actual damages, arguing that Ms. Johnson can't show that she suffered any pecuniary harm or compensable emotional distress. Ms. Johnson argues that Waypoint's actions negatively affected her credit reputation and score, caused her to lose sleep, and churned up negative emotions and feelings by reminding her of a tumultuous former marriage.

The FDCPA allows a plaintiff to recover for any actual damages that result from an FDCPA violation as well as statutory damages of up to $1,000. 15 U.S.C. § 1692k(a). A plaintiff may also collect costs and reasonable attorney's fees if the plaintiff succeeds in proving the defendant's liability. Id. § 1692k(a)(3). But if the court finds that the action was brought in bad faith and to harass the defendant, the defendant may recover reasonable attorney's fees. Id.

Waypoint first argues there's no genuine issue as to any financial injury, whether that relates to credit score, ability to obtain credit, or other pecuniary harm. Waypoint contends there's no evidence that Ms. Johnson was ever denied credit or had a material change to any existing credit account because of Waypoint's actions. Ms. Johnson tries to rebut this by citing to portions of her deposition where she said her credit score was 550 when she received a credit report in 2018, her credit score improved to 620 around the time of the deposition, and the only step she took to improve her score was credit monitoring. Waypoint points out that in the same deposition, Ms. Johnson testified that since January 2017 she was never denied an increase in credit limits, had no credit limits decreased, none of the terms for her credit accounts changed, no interest rates or fees on credit accounts changed, she was never denied any form of refinancing, and had no credit applications denied.[1]  She testified that she incurred no out-of-pocket expenses relating to Waypoint's report, other than attorney's fees.

There's no triable issue as to credit-related or other pecuniary harms. Ms. Johnson's only evidence in response to Waypoint's evidence is that her credit score improved in the few years after she disputed her debt. She doesn't explain how an improving credit score shows that the alleged violations harmed her credit score in the first place. Even if she did show that her credit score was harmed, she has no evidence of being denied credit, having credit terms change,

---

[1] Ms. Johnson evidently had trouble getting an auto loan but she stipulated that she doesn't seek damages related to that credit application.

or other financial harms. Nor does she rebut Waypoint's citations to Ms. Johnson's testimony that she incurred no out-of-pocket costs other than attorney's fees.

Waypoint claims entitlement to judgment on damages for emotional distress, as well. Waypoint contends that the only evidence of these injuries is Ms. Johnson's undeveloped and unsubstantiated testimony. Ms. Johnson said she felt stressed and confused and that she lost sleep but doesn't remember how long her loss of sleep or emotional distress lasted. She describes her emotional distress in no greater detail than describing it as "stress" and "confusion." Moreover, Ms. Johnson testified that she experienced no other physical symptoms other than loss of sleep, never saw a medical professional because of her emotional distress, and never took medication to cope with emotional distress.

Ms. Johnson argues that her evidence could support a jury award for actual damages. She cites her deposition, in which she said her divorce from Mr. Price was messy, said she believed Mr. Price opened the Charter account in her name because "that's his character" since "he's manipulative and coercive," and said she didn't know where the debt came from, so she lost sleep. Ms. Johnson testified that she lost sleep a couple nights every week but can't recall how long her loss of sleep lasted. Ms. Johnson argues that her claims of emotional distress

are enough because actual damages for emotional distress can be awarded based on the plaintiff's testimony and don't require an expert witness.[2]

Ms. Johnson's evidence doesn't create a triable issue. When a plaintiff's only evidence of damages for emotional distress is the plaintiff's own testimony, she must explain the circumstances of the injury in reasonable detail and not rely on conclusory statements, unless the underlying facts of the case are so inherently degrading that it would be reasonable to infer emotional distress. Wantz v. Experian Info. Sols., 386 F.3d 829, 834 (7th Cir. 2004). Ms. Johnson's claims for emotional distress fit squarely into the category of conclusory and unreasonably detailed allegations. Her evidence includes her own testimony that because the account was opened with her manipulative ex-husband, she felt stress and confusion and sleep. She doesn't describe her emotions beyond the words "stress" and "confusion" and can't remember how long her lack of sleep lasted. Ms. Johnson didn't "explain the circumstances of [her] injury in reasonable detail," and instead relies on conclusory statements, which cannot alone support an award of actual damages for emotional distress. Id.

Waypoint has shown that there's no genuine issue as to Ms. Johnson's claim for actual damages. Ms. Johnson doesn't rebut Waypoint's claims with evidence of financial injury evidence of emotional distress beyond her own

---

[2] Ms. Johnson's authority for this point is puzzling. She cites to Cannon v. SC & Assocs., LLC, No. 1:09-cv-02981, 2009 U.S. Dist. LEXIS 73433, at *9 (N.D. Ill. Aug. 18, 2009). The document is styled as an opinion by a United States district judge on LexisNexis but appears to be a brief in support of a motion for summary judgment and is not signed by the judge who purportedly wrote the opinion.

cursory testimony. Accordingly, the court grants Waypoint's motion for summary judgment as to actual damages and will treat as undisputed that Ms. Johnson's entitled to no actual damages, Fed. R. Civ. P. 56(g), though she might prove she's entitled to statutory damages at trial.

IV. CONCLUSION

For the foregoing reasons, the court:

(1) DENIES Ms. Johnson's motion for summary judgment, [Doc. No. 51];

(2) DENIES Waypoint's cross-motion for summary judgment as to Count I, [Doc. No 53];

(3) GRANTS Waypoint's cross-motion for summary judgment as to Count II, [Doc. No. 53]; and

(4) GRANTS Waypoint's motion for summary judgment as to the issue of actual damages on all counts, [Doc. No. 53].

SO ORDERED.

ENTERED:   March 31, 2021

 /s/ Robert L. Miller, Jr.
Judge, United States District Court

Distribution: All electronically registered counsel of record