UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALICIA JOHNSON, | ) |
|       Plaintiff, | ) ) ) |
|       v. | ) )  Cause No. 1:19-CV-3823 RLM-DLP |
| WAYPOINT RESOURCES GROUP, LLC, | ) ) ) ) |
|       Defendant | ) |

ORDER

Alicia Johnson's motion to amend or alter judgment is before the court. Ms. Johnson sued Waypoint Resources Group for violations of the Fair Debt Collection Practices Act. Both parties moved for summary judgment and the court denied Ms. Johnson's motion for summary judgment and granted in part and denied in part Waypoint Resource Group's cross-motion for summary judgment. [Doc. No. 79]. Ms. Johnson asks the court to reconsider its decision and grant summary judgment in her favor for her 15 U.S.C. § 1692e(8) claim, deny Waypoint's motion as to actual damages, and deny Waypoint's motion as to her § 1692f claim. For reasons explained in this order, the court denies the motion in full.

The Federal Rules of Civil Procedure don't expressly authorize a motion for reconsideration, but courts in our circuit apply Rule 59 and Rule 60 to a motion to reconsider. <u>Richard v. PAR, Inc.</u>, No. 1:17-cv-409, 2018 U.S. Dist. LEXIS 216587, at *2 (S.D. Ind. Dec. 27, 2018). Rule 60(b) allows a party to move for

relief from judgment for any of six enumerated reasons. Fed. R. Civ. P. 60(b)(1)–(6). The purpose of Rule 60(b) isn't to allow for general pleas for relief, United States v. Deutsch, 981 F.2d 299, 301 (7th Cir. 1992), so a court may dismiss a motion to reconsider if the moving party doesn't identify which subsection of Rule 60(b) allows for relief. Nelson v. Napolitano, 657 F.3d 586, 590 (7th Cir. 2011). Ms. Johnson doesn't say which part of Rule 60(b) allows for relief, so the court construes her motion as one that seeks relief solely under Rule 59(e). *See* Borrero v. City of Chi., 456 F.3d 698, 699 (7th Cir. 2006).

Rule 59(e) lets a party move to alter or amend a judgment within 28 days after judgment was entered. Such a motion serves a limited function: either to present new evidence or to correct manifest errors of law or fact. Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1269 (7th Cir. 1996). To succeed on a Rule 59(e) motion, the moving party must clearly establish that newly discovered evidence precluded entry of judgment or that the court committed a manifest error of law or fact. Cincinnati Life Ins. Co. v. Beyrer, 722 F.3d 939, 954 (7th Cir. 2013). A manifest error of law is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). A party can't use a Rule 59(e) motion to rehash old arguments or advance theories and arguments that could've been made before judgment. Sigsworth v. City of Aurora, 487 F.3d 506, 512 (7th Cir. 2007); Zurich Cap. Mkts., Inc. v. Coglianese, 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005).

Ms. Johnson first asks the court to change course on her § 1692e(8) claim. She claims Waypoint violated § 1692e(8), which prohibits debt collectors from communicating "to any person credit information which is known or which should be known to be false, including the failure to communicate that a debt was disputed." 15 U.S.C. § 1692e(8). Ms. Johnson sent Waypoint a debt dispute letter through an attorney, but some demographic and account information was either missing or didn't completely match what Waypoint had on file. Ms. Johnson argued Waypoint should've known about the dispute because Waypoint could've and should have contacted her attorney, whose information was on the letter, to find out who was disputing which debt. Waypoint argued it was entitled to summary judgment because the statute didn't require Waypoint to inquire about the disputed debt. Both parties moved for summary judgment and the court denied both motions, explaining that a jury should decide whether Waypoint should have known about the dispute based on the dispute letter and the attorney contact information included in the letter. Now Ms. Johnson argues the court committed legal error by misinterpreting § 1692e(8) and that she's entitled to summary judgment according to a proper interpretation.

Ms. Johnson presents three related points. She first argues that the court erred by treating whether Waypoint should have known about the dispute as a question of fact rather than a question of law. The cases she cites for this point say in the most general of terms that statutory interpretation is for a court, not a jury. *See* United States v. Jackson, 5 F.4th 676, 681 (7th Cir. 2021) (describing statutory interpretation as a legal question); United States v. Berkos, 543 F.3d

3

392, 396 (7th Cir. 2008) (same). These cases don't say that answering what a debt collector should've known under § 1692e(8) is a legal question, so she hasn't shown manifest error.

Ms. Johnson next argues that interpreting § 1692e(8) her way would achieve the purpose of the FDCPA. She correctly points out that Congress intended for the FDCPA to offer broad protection for consumers, 15 U.S.C. § 1692, and that a different provision requires debt collectors to communicate with a consumer's attorney if the debt collector knows that the consumer is represented. Id. § 1692c(a)(2). According to Ms. Johnson, reading the explicit requirement of § 1692c(a)(2) into § 1692e(8) would accomplish Congress's goals.

Comparing § 1692e(8) to § 1692c(a)(2) doesn't help Ms. Johnson the way she thinks it does. When Congress uses particular language in one section of a statute and not in another, courts should infer that Congress intended different meanings. Loughrin v. United States, 573 U.S. 351, 358 (2014). That Congress included a duty in § 1692c(a)(2) but not § 1692e(8) suggests § 1692e(8) doesn't have the same more specific requirements of § 1692c(a)(2). Wood v. Sec. Credit Servs., LLC, No. 20-cv-02369, 2021 U.S. Dist. LEXIS 135926, at *13 (N.D. Ill. July 19, 2021); see also Evans v. Portfolio Recovery Assocs., LLC, 889 F.3d 337, 346–348 (7th Cir. 2018); Sayles v. Advanced Recovery Sys. Inc., 865 F.3d 246, 249–250 (7th Cir. 2017); Brady v. Credit Recovery Co., 160 F.3d 64, 66–67 (1st Cir. 1998). Ms. Johnson's appeal to legislative intent and separate provisions of the FDCPA don't show manifest error.

4

Third, Ms. Johnson argues that Ewing v. MED-1 Solutions, LLC, 24 F.4th 1146 (7th Cir. 2022), is binding authority that demands summary judgment in her favor. In Ewing v. MED-1 Solutions, the district court had granted summary judgment for the defendant because even though the court determined that the defendant had undisputedly violated § 1692e(8), the defendant was entitled to the bona fide error defense. Id. at 1150; *see* 15 U.S.C. § 1692k(c). On appeal, the court of appeals held that the defendant couldn't claim the bona fide error defense because the defendant's procedures weren't designed to prevent the type of mistake that actually occurred. Ewing v. MED-1 Sols., 24 F.4th at 1154–1156. On remand, the district court entered judgment for the plaintiff as to liability because there was no genuine issue as to the § 1692e(8) violation and the defendant could no longer claim the bona fide error defense. Webster v. Receivables Performance Mgmt., LLC, No. 1:18-cv-3940 (S.D. Ind. Mar. 23, 2022).

Ms. Johnson characterizes Ewing v. Med-1 Solutions as creating the rule that a defendant is liable as a matter of law if the defendant ignores a debt dispute letter and can't claim the bona fide error defense. Ms. Johnson contends Waypoint must be liable as a matter of law since Waypoint didn't follow up on the debt dispute letter and can't claim the bona fide error defense. This argument characterizes Ewing v. MED-1 Solutions at too abstract a level and pays too little attention to the facts of the case. There was no genuine issue as to whether the defendant should have known about the dispute because the defendant maintained a fax number for receiving debt disputes and continued to send

5

confirmation messages even though no one monitored incoming messages. Webster v. Receivables Performance Mgmt., No. 1:18-cv-3940 (S.D. Ind. July 21, 2020). Ms. Johnson doesn't meaningfully explain how the facts of her case are similar enough to those in Ewing v. MED-1 Solutions, LLC much less show that the court committed manifest error by denying both motions for summary judgment as to the § 1692e(8) claim.

Next, Ms. Johnson asks the court to change tack on the issue of actual damages. The FDCPA allows a plaintiff to recover statutory damages as well as actual damages arising out of an FDCPA violation. 15 U.S.C. § 1692k(a). Waypoint moved for summary judgment on the issue of actual damages, arguing that Ms. Johnson presented no evidence of pecuniary injury and that her evidence of emotional distress was too speculative to present to a jury. The court accepted Waypoint's argument and granted summary judgment for Waypoint.

Ms. Johnson argues that any violation of § 1692e(8) creates a genuine issue of actual damages. She relies on cases that describe any violation of § 1692e(8) as "material" to argue that a jury should decide what amount of actual damages she suffered, so long as there was any violation of the statute. But none of the cited cases say that any technical violation creates a genuine is of actual damages. One case rejected the argument that a misrepresentation must be material to violate § 1692e(8), referred to any violation as "material," but didn't equate any and all § 1692e(8) violations with actual damages. Evans v. Portfolio Recovery Assocs., LLC, 889 F.3d 337, 349 (7th Cir. 2018). Another case concluded that a § 1692e(8) claim satisfies Article III standing requirements but

6

doesn't say that any and all § 1692e(8) violations result in actual damages. Ewing v. MED-1 Sols., LLC, 24 F.4th 1146 (7th Cir. 2022). A third case discusses and cites Ewing v. MED-1 Solutions, LLC in its discussion of Article III standing, but doesn't say any and all violations prove actual damages. Pierre v. Midland Credit Mgmt., 29 F.4th 934 (7th Cir. 2022).

In her reply, Ms. Johnson claims without authority that harm for purposes of Article III standing is inseparable from harm for purposes of calculating damages. The court understands the difference between injury for purposes of standing and actual injury differently. Although a plaintiff typically lacks standing if the only alleged harm is intangible, a plaintiff might still have standing for an intangible harm if Congress elevates the intangible harm with a statutory cause of action. Gadelhak v. AT&T Servs., Inc., 950 F.3d 458, 461–463 (7th Cir. 2020). Congress can't elevate just any harm, though—the harm must resemble some harm that was recognized at common law. Id. If these conditions are met, a plaintiff can bring a statutory claim to recover statutory damages even if the plaintiff suffered no actual injury. Id. That a plaintiff has standing means the plaintiff can recover statutory damages even without actual injury; it doesn't mean there's a genuine issue of actual damages, absent additional evidence of actual harm. See Santangelo v. Comcast Corp., 162 F. Supp. 3d 691, 698 (N.D. Ill. 2016). Contrary to Ms. Johnson's assertions, injury for standing and injury for actual damages are separable, and that she has standing doesn't mean there's a genuine issue of actual damages.

Relatedly, Ms. Johnson urges the court to reverse course on whether there's a genuine issue of pecuniary damages and emotional distress damages. Other than her argument about standing and actual injury, which the court just addressed, Ms. Johnson doesn't explain why it was manifest error to grant summary judgment on the issue of pecuniary harm. She presented no evidence of pecuniary harm resulting from the alleged § 1692e(8) violation other than her increased credit score. She didn't present evidence than her worsened credit score resulted in denial of a loan, worsened interest rates, or the like. Nor does she present any authority that contradicts the rule that evidence of emotional distress must be more than conclusory claims by the plaintiff. *See* Wantz v. Experian Info. Sols., 386 F.3d 829, 834 (7th Cir. 2004). Ms. Johnson rehashes arguments made at summary judgment without explaining how the court committed manifest error, so the court denies her motion as to actual damages.

Finally, Ms. Johnson asks that the court amend its judgment as to her § 1692f claim. The court granted summary judgment for Waypoint, explaining that § 1692f is a "catch-all" provision that imposes liability for conduct that's not captured by specific provisions of the FDCPA but nevertheless treats debtors unconscionably. Because Ms. Johnson sought liability for conduct covered by specific provisions of the FDCPA, she couldn't also seek liability under § 1692f.

Ms. Johnson argues the court should have interpreted § 1692f differently and cites several cases as "binding appellate authority" that require duplicative claims to proceed. *See* McMahon v. LVNV Funding, LLC, 744 F.3d 1010 (7th Cir. 2014); Phillips v. Asset Acceptance, 736 F.3d 1076 (7th Cir. 2013); Gburek v.

8

Litton Loan Servicing LP, 614 F.3d 380 (7th Cir. 2010); McMillan v. Collection Professionals, Inc., 455 F.3d 754 (7th Cir. 2006); Fields v. Wilber Law Firm, P.C., 383 F.3d 562 (7th Cir. 2004). As the court explained in its earlier order, none of those cases addressed Waypoint's argument about impermissibly duplicative claims, so they aren't binding authority for the rule that a § 1692f claim must be allowed to proceed even if duplicative with a § 1692e claim. Even if this argument had some merit, the argument was made and rejected at summary judgment, so reconsideration isn't the time or place to make this argument again. Zurich Capital Mkts., Inc. v. Coglianese, 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005). Ms. Johnson presents no new authority or facts to show manifest error, so the court denies her motion as to her § 1692f claim.

    For the foregoing reasons, the court denies Ms. Johnson's motion in full.

    SO ORDERED.

    ENTERED:  June 6, 2022


                              /s/ Robert L. Miller, Jr.
                          Judge, United States District Court

Distribution: All Electronically Registered counsel of record